UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-CR-282-MOC

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| TAMARA MCCLELLAN, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's Pro Se Motion to Reduce Sentence Pursuant to USSC Amendment 821. (Doc. No. 51). The Government has filed a response in opposition. (Doc. No. 55). Because Defendant is not eligible for a sentence reduction under Amendment 821, the Court will deny the motion.

I. **Background**

In December 2019, Defendant, who was on supervised release, ran over and dragged a probation officer down the street as Defendant attempted to avoid detention. (Doc. No. 39 ¶¶ 21–23). The probation officer had handcuffed one of Defendant's hands while Defendant was in the driver's seat of her car, when Defendant put the car into reverse and backed up, dragging and then running over the probation officer. (Id.). The probation officer suffered a "crush injury" to her left leg and other long-lasting injuries to her ankle, foot, wrist, and forearm. (Id. ¶ 24). As Defendant fled, she dropped a bag containing a nine-millimeter pistol, digital scale, marijuana, crack cocaine, methamphetamine, and Ecstasy. (Id. ¶ 26). Nearby, officers found a second nine-millimeter pistol and some cash. (Id.).

A federal grand jury indicted Defendant and charged her with possessing Ecstasy with

1

intent to distribute, 21 U.S.C. § 841(a)(1); possessing a firearm in furtherance of a drug-trafficking offense, 18 U.S.C. § 924(c); possessing a firearm as a convicted felon, 18 U.S.C. § 922(g)(1); and assault with a deadly weapon of a federal officer inflicting serious bodily injuries, 18 U.S.C. § 111(a), (b). (Doc. No. 1). Defendant entered into a plea agreement with the United States and pleaded guilty to the assault offenses. (Doc. Nos. 30, 32). The parties jointly recommended a sentence of 100 months in prison. (Doc. No. 30 ¶ 7(d)).

This Court's probation office submitted a presentence report and calculated a total offense level 28. (Doc. No. 39 ¶ 47). Defendant's criminal history garnered four criminal-history points related to her prior convictions. (Id. ¶ 55). The probation office assessed Defendant two criminal-history points because she committed her offense while she was on supervised release. (Id. ¶ 56). The probation office concluded that the Sentencing Guidelines advised a sentence of between 97 to 121 months in prison based on a total offense level of 28 and a criminal-history category of III. (Id. ¶ 95). This Court sentenced Defendant to the jointly recommended term of 100 months in prison. (Doc. No. 46 at 2). Defendant now asks this Court to reduce her sentence based on Amendment 821 to the Sentencing Guidelines.

II.     **Legal Standard**

Amendment 821 to the Sentencing Guidelines made two changes to chapter 4 of the Sentencing Guidelines related to a defendant's criminal history. See U.S.S.G. amend. 821. The Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under 18 U.S.C. § 3582(c)(2). U.S.S.G. amend. 825; see U.S.S.G. § 1B1.10(d).

Part A of the amendment alters Sentencing Guidelines § 4A1.1 to strike the two status points previously assessed under § 4A1.1(d) for defendants who committed their offense while

2

under any criminal-justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. Id. pt. A. Part A adds a new subsection (e) that adds one criminal-history point for any defendant who receives 7 or more points and who committed his offense while under any criminal-justice sentence as described above. Id.

For defendants who meet the requirements of Amendment 821, Sentencing Guidelines § 1B1.10 governs eligibility for a sentence reduction. Section 1B1.10(a)(1) authorizes a district court generally to reduce a defendant's sentence in any case in which a defendant is serving a term of imprisonment and the guideline range applicable to the defendant "has subsequently been lowered as a result" of a retroactively applicable amendment to the Guidelines." A defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). A court is limited to a reduction to the bottom of the amended guideline range, after calculating the range that would have applied had the guideline amendment been in effect when the defendant was sentenced. Id. § 1B1.10(b)(2). In calculating the amended range, "the court shall substitute only" the retroactively applicable guideline amendment and "leave all other guideline application decisions unaffected." Id. § 1B1.10(b)(1). If the defendant received a sentence below the applicable guideline range based on a motion filed by the United States for substantial assistance, the court may reduce the defendant's sentence to a term "comparably less than the amended guideline range." Id. § 1B1.10(b)(2)(B). Under no circumstances shall a defendant's sentence be reduced to a term less than the term he has already served. Id. § 1B1.10(b)(2)(C).

### III.     Analysis

Defendant is not eligible for a reduction in her sentence. Although the probation office

assessed Defendant two criminal-history points because she was under a criminal-justice sentence at the time she committed her offense, those additional points did not alter her criminal-history category of her advisory guideline range. Defendant's criminal-history points were increased from four to six, but her criminal-history category remained III. Because application of Amendment 821 does not alter Defendant's guideline range, she is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Pro Se Motion to Reduce Sentence Pursuant to USSC Amendment 821 (Doc. No. 51) is **DENIED**.

Signed: October 18, 2024

Max O. Cogburn Jr
United States District Judge